**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JARAD KIRKPATRICK, # R32817,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 26-cv-00846-SMY** |
| | ) | |
| **CHAD JENNINGS, C/O MASON,** | ) | |
| **PHIL MARTIN, NURSE LEGG,** | ) | |
| **CENTURION OF ILLINOIS LLC, and** | ) | |
| **TIM HARLIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff Jarad Kirkpatrick, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Robinson Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims his prescribed medication was not provided, causing him to suffer a seizure and sustain injuries (Doc. 1). He seeks monetary damages and injunctive relief. (Doc. 1, pp. 9-10).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): On April 9, 2026, Plaintiff asked Defendant C/O Mason for help as he was having chest pains and had a history of

1

seizures (Doc. 1, p. 6).    Mason notified Health Care and instructed Plaintiff to walk to that department.  On the way, at about 9:30 a.m., Plaintiff had a seizure, blacked out, and fell face-first onto the pavement.  He suffered a facial fracture and damaged his arm that had previously been surgically repaired.

Plaintiff was transported to Crawford Memorial hospital by ambulance at around 10:00 a.m.  He was given CPR and intubated because the seizure and fall rendered him unable to breathe on his own (Doc. 1, p. 7).  He was then taken by Life Flight to Carle Hospital's intensive care unit. He returned to Robinson on April 12, 2026.

As of June 10, 2026, Plaintiff had still not received his prescribed seizure medications, and has suffered multiple seizures as a result.  He seeks preliminary injunctive relief for specialist treatment for his facial fracture and arm injury and a transfer to another facility where he can obtain proper medical care (Doc. 1, p. 9).

## Discussion

Plaintiff acknowledges that he did not fully exhaust the prison grievance procedure before filing this lawsuit (Doc. 1, pp. 5, 11).  As such, this case must be dismissed.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies.  42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).  "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a [§ 1983] claim."  *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  A case filed while a grievance appeal is still ongoing is premature

2

and must be dismissed without prejudice. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). *See also*, *Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal is appropriate "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous").

Because Plaintiff's failure to exhaust administrative remedies is obvious based on the allegations in the Complaint, this case will be dismissed pursuant to § 1915A. The dismissal shall be without prejudice to Plaintiff refiling his claims in a new lawsuit after completing the administrative grievance and appeal process.

### Disposition

For the foregoing reasons, the Complaint and this case are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A and 42 U.S.C. §1997e(a) for failure to exhaust administrative remedies before filing suit. Plaintiff's request for preliminary injunctive relief is **DENIED**. The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly. The Court does not count this dismissal as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion

3

must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  July 6, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**

4